IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>        Plaintiff,<br><br>    vs.<br><br>GRIFFIN, et al.,<br><br>        Defendants.<br>_____/ | 1:05-CV-00838 OWW SMS P<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER<br><br>(Doc. 5) |

Plaintiff Carlos Hendon ("plaintiff") is proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On August 16, 2005, the court issued an order requiring plaintiff to submit an application to proceed in forma pauperis or pay the filing fee within thirty days of the date of service of the order. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.[1]

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to

---

[1] The United States Postal Service returned the order on September 19, 2005 as undeliverable. A notation on the envelope states "Return to Sender-Attempted-not known." Plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

1

control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since June 27, 2005. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order requiring plaintiff to submit an application to proceed in forma pauperis or pay the filing fee expressly stated: "Failure to comply with this order will result in a recommendation that this action be dismissed."

1 Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the
2 court's order.
3    Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based
4 on plaintiff's failure to obey the court's order of August 16, 2005.
5    These Findings and Recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**
7 after being served with these Findings and Recommendations, plaintiff may file written objections with
8 the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
9 Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
10 waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.

13 **Dated:    October 18, 2005**                     **/s/ Sandra M. Snyder**
   i0d3h8                                           UNITED STATES MAGISTRATE JUDGE

3