# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLOS HENDON,

        Plaintiff,

   v.

BAROYA, et al.,

        Defendants.

CASE NO. 1:05-CV-00838-OWW-SMS-P

ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EIGHTH AMENDMENT CLAIMS

(Doc. 1)

I.    Screening Order

    A.    Screening Standard

Plaintiff Carlos Hendon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 27, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at the California Correctional Institution in Tehachapi, where plaintiff was incarcerated at the time. Plaintiff names prison employees Fam, Hamilton, Baroya, Griffin, Reidman, and Calderon[1] as defendants. Plaintiff is seeking money damages.

In his complaint, plaintiff alleges that defendants violated his rights by abruptly removing him from suicide watch while he was still suicidal, thereby denying him medical care. Plaintiff alleges that between June 5, 2002, and March 27, 2003, approximately, he was almost always kept

---

[1] Identified as Caldron in the complaint.

2

in regular or secluded cells on suicide watch. Plaintiff alleges that he suffered from episodes of self-mutilation and gesture problems, which increased in frequency. Plaintiff alleges that he was repeatedly taken off suicide watch and placed in regular or secluded cells by defendant Baroya, the chief psychiatrist, despite his protestations that he was still suicidal. Plaintiff alleges that prison rules required he stay on suicide watch until he uttered the "magic words" that he was not suicidal anymore. (Comp., ¶13.) Plaintiff alleges that the cells were not equipped to handle suicidal inmates because they contained items such as clothing, sheets, towels, and other things that could be used to tie and suspend items.

Plaintiff alleges that a year later, defendants "Fam, Griffin, Hamilton, and Reidman recorded that [plaintiff] was depressed, had attempted suicide, had frequent suicidal ideation[], was obsessed with tying a sheet around his neck, [was] defacating [sic] on the floor and smearing feces on the walls in the cell, and had cut his wrist." (Id., ¶16.) Plaintiff alleges that despite this, defendants, two of whom are psychiatrists and two of whom are psychologists, failed to provide any medication or monitor his condition. Plaintiff alleges that defendants abandoned him as a patient, and that his self-injurious tendencies remained ongoing. Plaintiff alleges that defendant Baroya's motivation for removing plaintiff and other inmates from suicide watch was to prevent overcrowding in the infirmary, despite the detriment to plaintiff. Plaintiff alleges that defendant Warden Calderon knew of the repeated decisions to remove plaintiff and other inmates from suicide watch despite the fact that they remained suicidal, but failed to intervene or prevent future occurrences.

    C.    Plaintiff's Claims

        1.    Eighth Amendment Medical/Mental Health Care Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in

a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

The court recognizes that "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). However, in light of notice pleading standards, the court finds plaintiff's allegations that he was removed from suicide watch while suicidal and placed in a cell containing items with which he could harm himself, and was not provided with medical care for his condition are sufficient to give rise to a claim for relief under section 1983 against defendants Baroya, Fam, Hamilton, Griffin, and Reidman. Plaintiff's allegation that defendant Calderon was aware of defendant Baroya's actions but failed to intervene is sufficient to give rise to a claim under section 1983.

### 2. State Law Tort Claims

Plaintiff alleges claims for negligence under state law. California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

///

Although plaintiff alleges that he utilized the prison grievance process by filing an inmate appeal, that does satisfy the Tort Claims Act with respect to plaintiff's state law negligence claims. The court will allow plaintiff leave to amend, in the event that this deficiency is curable.

### D.     Conclusion

The court finds that plaintiff's complaint states claims upon which relief under section 1983 against defendants Baroya, Fam, Hamilton, Griffin, Reidman, and Calderon for violation of the Eighth Amendment. However, plaintiff's complaint does not contain any cognizable negligence claims because plaintiff has not alleged compliance with the Tort Claims Act. The court will provide plaintiff with the opportunity to file an amended complaint, in the event that this deficiency is curable.

If plaintiff (1) does not wish to file an amended complaint and wishes to proceed only against defendants Baroya, Fam, Hamilton, Griffin, Reidman, and Calderon on his Eighth Amendment, claims or (2) cannot cure the deficiency, plaintiff may so notify the court in writing. The court will then issue a Findings and Recommendations recommending that the negligence claims be dismissed from this action, and will forward plaintiff six summonses and six USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v.

Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the court in this order, or
    b. Notify the court in writing that (1) he does not wish to file an amended complaint and wishes to proceed only against defendants Baroya, Fam, Hamilton, Griffin, Reidman, and Calderon for violation of the Eighth Amendment or (2) he cannot cure the deficiency; and
3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   April 13, 2006**                          /s/ Sandra M. Snyder
icido3                                         UNITED STATES MAGISTRATE JUDGE