1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CARLOS HENDON,

               Plaintiff,

   v.

BAROYA, et al.,

               Defendants.

_____/

CASE NO. 1:05-CV-00838-OWW-SMS-P

ORDER DENYING MOTION FOR
RECONSIDERATION

(Doc. 17)

ORDER REQUIRING PLAINTIFF TO
COMPLY WITH MAGISTRATE JUDGE'S
ORDERS WITHIN THIRTY DAYS

(Docs. 14 and 16)

     Plaintiff Carlos Hendon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 27, 2005.  (Doc. 1.)  On April 14, 2006, pursuant to 28 U.S.C. § 1915A, the Magistrate Judge issued an order finding that plaintiff's complaint states claims upon which relief may be granted under section 1983 against defendants Baroya, Fam, Hamilton, Griffin, Reidman, and Calderon for violation of the Eighth Amendment, but does not state does not state any cognizable negligence claims because plaintiff has not alleged compliance with the Tort Claims Act.  (Doc. 14.)  The Magistrate Judge ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on the claims found to be cognizable by the court in the order.  (Id.)  On April 28, 2006, plaintiff filed a request for clarification regarding the need to exhaust with the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control.  (Doc. 15.)  The Magistrate Judge issued an order on June 2, 2006, in response to

1

plaintiff's request, explaining:

> The order of April 14, 2006, contains an omission. It is possible that this omission led to plaintiff's need for clarification. **The sentence on page 5, lines 1 and 2 is amended to read, "Although plaintiff alleges that he utilized the prison grievance process by filing an inmate appeal, that does <u>not</u> satisfy the Tort Claims Act with respect to plaintiff's state law negligence claims."** (Doc. 14.)
>
> Turning to plaintiff's request for clarification, the court cannot advise plaintiff on what he should or should not do regarding the issue of exhaustion. However, plaintiff's request for clarification is granted in that plaintiff is advised that the requirement he exhaust by filing an inmate appeal (CDC-602) and that he exhaust by filing a claim with the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, are two separate requirements and are not interchangeable. In order to pursue his federal constitutional claims under section 1983, plaintiff is required to exhaust the inmate appeals process in compliance with 42 U.S.C. § 1997e(a). <u>The court's order did not address that issue and did not direct plaintiff to cure any deficiencies concerning that issue.</u> In order to pursue his state law tort claims of negligence, plaintiff is required by California's Tort Claims Act to file a claim with the California Victim Compensation and Government Claims Board. Compliance with the Tort Claims Act is a <u>prerequisite</u> to filing suit and plaintiff <u>must</u> allege compliance in order to proceed with his state law negligence claims. <u>It is this issue that the court's order addressed, and plaintiff was granted the opportunity to amend to cure the deficiency concerning this issue, in the event that it is curable.</u>
>
> **Accordingly, plaintiff is required to comply with the court's order of April 14, 2006, within thirty (30) days from the date of service of this order by either (1) filing an amended complaint or (2) notifying the court of his willingness to proceed only on the claims found to be cognizable by the court in its order. By this order, plaintiff's request for clarification is deemed addressed.**

(Doc. 16.) On June 19, 2006, plaintiff filed a motion for reconsideration. (Doc. 17.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." <u>Id</u>.

Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (<u>en banc</u>). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See e.g.</u>, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th

2

Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'"  Id.  When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

In his motion, plaintiff contends that the Magistrate Judge's decision is in conflict with the Prison Litigation Reform Act because he is not required under 42 U.S.C. § 1997e(a) to exhaust state tort remedies before filing a civil rights claim.  Plaintiff's position that he is entitled to reconsideration and reversal of the Magistrate Judge's order is without merit because plaintiff incorrectly represents the Magistrate Judge's order.

Plaintiff may pursue federal civil rights claims under section 1983 without exhausting his claims with the California Victim Compensation and Government Claims Board.  Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999) (overruled in part by Booth v. Churner, 532 U.S. 731 (2001)). Likewise, plaintiff may pursue supplemental state law claims without exhausting the inmate appeals process available at the prison.  The Magistrate Judge at no time issued a ruling to the contrary. Indeed, the Magistrate Judge found that plaintiff is entitled to proceed on his federal claim against defendants Baroya, Fam, Hamilton, Griffin, Reidman, and Calderon for violation of the Eighth Amendment.  However, plaintiff is also pursuing a negligence claim under California law.  Plaintiff is required to exhaust his state law negligence claim with the California Victim Compensation and Government Claims Board and is required to allege compliance in order to state a claim.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).  Negligence does not violate the Eighth Amendment and is not a federal civil rights claim.  Plaintiff's negligence claim is a supplemental state law claim and must be exhausted via filing a claim the California Victim Compensation and Government Claims Board.

3

1        Plaintiff's motion for reconsideration does not have merit.  Plaintiff has thirty days within

2   which to comply with the Magistrate Judge's orders of April 24, 2006, and June 2, 2006.  If plaintiff

3   fails to comply with the order, the Court will dismiss plaintiff's state law negligence claim for failure

4   to state a claim and will order that this action proceed only on plaintiff's cognizable Eighth

5   Amendment claim.  No further motions for reconsideration and/or clarification on this issue will be

6   considered.

7        Based on the foregoing, it is HEREBY ORDERED that:

8       1.    Plaintiff's motion for reconsideration, filed June 19, 2006, is DENIED, with

9           prejudice;

10      2.    Within **thirty (30) days** from the date of service of this order, plaintiff shall comply

11          with the Magistrate Judge's orders of April 24, 2006, and June 2, 2006;

12      3.    If plaintiff fails to comply with this order, his state law negligence shall be dismissed

13          and this action shall proceed only on his Eighth Amendment claim; and

14      4.    No further motions for reconsideration and/or clarification on this issue will be

15          considered.

16

17  IT IS SO ORDERED.

18  **Dated:   June 27, 2006**                    _____/s/ Oliver W. Wanger_____
    emm0d6                                   UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28