# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>                    Plaintiff,<br><br>          v.<br><br>BAROYA, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:05-cv-00838-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING (1) PLAINTIFF'S MOTIONS TO CONTINUE DEFENDANTS' MOTION TO DISMISS PENDING DISCOVERY BE DENIED, AND (2) DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED AND THIS ACTION BE DISMISSED WITHOUT PREJUDICE<br><br>(Docs. 31, 32, and 35)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

I.   Procedural History

Plaintiff Carlos Hendon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law. This action is proceeding on plaintiff's amended complaint, filed July 31, 2006, against defendants Baroya, Griffin, Fam, Calderon, Hamilton, and Reidman ("defendants") under section 1983 for violation of the Eighth Amendment and under California tort law. On July 25, 2007, defendants filed a motion to dismiss for failure to exhaust. (Doc. 31.) Plaintiff filed an opposition on August 6, 2007, and defendants filed a reply on August 16, 2007.[1] (Docs. 33, 34.) On September 14, 2007, plaintiff filed a supplemental declaration, which the court will consider. (Doc. 36.)

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on April 11, 2007. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 23.)

1

II.  Plaintiff's Motions to Continue Motion to Dismiss Pending Discovery

In addition to opposing defendants' motion to dismiss on August 6, 2007, plaintiff filed motions seeking to continue defendants' motion to dismiss pending discovery on August 6, 2007, and August 30, 2007. (Docs. 32, 35.) Pursuant to the court's standard practice in actions such as this, discovery is not yet open and the court must therefore consider whether plaintiff's position that he cannot yet oppose the motion without discovery has any merit.

Treating plaintiff's motions as the court would a motion to continue brought pursuant to Federal Rule of Civil Procedure 56(f), plaintiff "is entitled to relief only if he shows, among other things, that the discovery would uncover specific facts which would preclude . . . judgment." U. S. Cellular Inv. Co. of Los Angeles, Inc. v. GTE Mobilnet, Inc., 281 F.3d 929, 939 (9th Cir. 2002). Plaintiff is required to show "in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the . . . motion." State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998). "References in memoranda and declarations to a need for discovery . . ." are insufficient. Id. (internal quotations and citation omitted). Plaintiff is required to submit an affidavit or declaration "setting forth the specific facts expected from further discovery," and the failure to comply with these requirements is grounds for denial of the motion. Id. The burden is on plaintiff to set forth "sufficient facts to show that the evidence sought exists . . . ." Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129 (9th Cir. 2004) (internal quotations and citation omitted).

Plaintiff's motions are not sufficient to support a request for continuance of defendants' motion to dismiss pending discovery. Neither motion is accompanied by an affidavit or declaration. Further, plaintiff has made no showing how evidence of receipt of his third grievance in July of 2005 would preclude judgment. (Doc. 32, 1:23-25; Doc. 35.) This action was filed on June 27, 2005. Evidence concerning what occurred the next month is not relevant to the issue of whether plaintiff exhausted prior to filing suit or not. Jones, 127 S.Ct. at 918-19 (exhaustion must occur prior to filing suit).

///

2

Further, the mail log evidence sought by plaintiff is unnecessary to oppose defendants' motion. Plaintiff may set forth all of the relevant facts needed to defeat defendants' motion by declaration, as those facts should be within plaintiff's personal knowledge. As long as plaintiff specifies in sufficient detail what he did and when he did it, it is not necessary for plaintiff to submit additional documentary evidence supporting his declaration. For this reason, the court recommends that plaintiff's motions to continue defendants' motion to dismiss pending discovery be denied.

III.     Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///

///

IV. <u>Defendants' Motion to Dismiss for Failure to Exhaust</u>

    A. <u>Section 1983 Claims</u>

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. <u>Id</u>. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." <u>Id</u>. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. <u>Id</u>. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2383 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201.

The Eighth Amendment claims at issue in this action allegedly accrued between June 5, 2002, and approximately March 27, 2003, and involved the handling of plaintiff's mental health issues. The claims are alleged as an ongoing violation rather than as distinct, separate incidents, and involve the placement of plaintiff in cells not equipped for suicidal inmates such as plaintiff, and the removal of plaintiff from suicide watch while plaintiff was still suicidal. Plaintiff alleges that his self-mutilation and gesture problems dramatically increased during this period of time.

Defendants argue that plaintiff did not exhaust his Eighth Amendment claims against them. In support of their motion, defendants submit evidence that between June 2002 and July 2005, when this action was filed, there is no record of any inmate appeals filed at any formal level of review concerning plaintiff's medical care, removal from suicide watch, or self-mutilation/gesture problems. (Doc. 31-2, Grannis Dec., ¶11 & Carter Dec., ¶13.) The absence of any record of relevant appeals is sufficient for defendants to meet their burden as the parties moving for dismissal. The burden therefore shifts to plaintiff to set forth evidence that exhaustion occurred.

///
///
///
///

In his opposition, plaintiff argues that prison officials prevented him from utilizing the appeals process and thereby rendered the administrative remedies unavailable.[2] Plaintiff argues that between June 2002 and July 2005, after attempting to informally resolve the situation, he filed two grievances, neither of which was responded to. Plaintiff argues that because prison officials did not respond to his grievance, exhaustion occurred. In support of his opposition, plaintiff attests that he filed several grievances regarding his discharge from suicide watch but received no response from prison officials. (Doc. 33, Hendon Dec., 5:18-20.) In his supplemental declaration, plaintiff attests that after attempting to resolve his situation informally, he submitted his first grievance a few days after his abrupt discharge from suicide watch, but received no response. (Doc. 36, pg. 1.) Plaintiff attests that he filed repetitious grievances until July 2005, when one was finally accepted for review. (Id.)

Plaintiff's bare assertion that he filed inmate appeals, at least one of which was filed a few days after discharge from suicide watch, is insufficient to defeat defendants' motion. "[Proper] exhaustion of administrative remedies is necessary," Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ," id. at 2386. The court is mindful that the failure to respond to a properly filed grievance may result in a finding that exhaustion occurred. Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); see also Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005). Here, however, plaintiff has not submitted any evidence demonstrating that he properly filed an appeal or

---

[2] Arguments or contentions set forth in a responding brief do not constitute evidence. See Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence). Because plaintiff's opposition itself is not verified, it does not constitute evidence. Moran v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006). The only evidence before the court is plaintiff's declaration attached to the opposition and plaintiff's amended declaration.

appeals grieving the facts giving rise to his claims in this action and in doing so complied with all the applicable procedural rules. The vague assertion that grievances were filed is insufficient to make the requisite showing that exhaustion either occurred or was excused due to some form conduct on the part of prison officials which prevented plaintiff from properly utilizing the appeals process. King v. Tracy, 2007 WL 220988, No. 1:06-cv-00108-AWI-SMS PC, *1 (E.D.Cal. Jul. 30, 2007) (motion to dismiss for failure to exhaust granted because no evidence submitted demonstrating an appeal was properly filed in compliance with all applicable procedural rules); Reynolds v. California Dep't of Corr., 2007 WL 1080529, No. 1:05-cv-01014-AWI-SMS PC, *2-3 (E.D.Cal. Apr. 5, 2007) (recommendation that motion to dismiss for failure to exhaust be denied in light of submission of evidence that an appeal grieving the conduct at issue in the lawsuit was timely filed in compliance with applicable procedural rules), adopted in full, 2007 WL 1597104, No. 1:05-cv-01014-LJO-SMS PC (E.D.Cal. Jun. 1, 2007).

   B. State Law Claims

   In addition to his federal claims for violation of the Eighth Amendment, plaintiff alleges state law tort claims. California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control and still referred to herein as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2007). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

   In his complaint, plaintiff alleges the time has expired for the State Board's response to his tort claim. (Doc. 19, pg. 4, ¶9.) In their motion to dismiss, defendants present evidence that plaintiff did not file a claim with the board between June 2002 and May 2007. (Doc. 31, Ex. A.) In his

opposition, plaintiff argues that he filed a claim not with the Board of Control but with the Medical Board and because he did not receive a response, the claim has been deemed rejected. (Doc. 33, 4:8-12.)

Plaintiff's position is without merit. Plaintiff was required to file a claim with the State Board of Control. The State Board of Control and the California Medical Board are not the same entity, and plaintiff's presentation of a claim or complaint to the State Medical Board does not satisfy the California Tort Claims Act. Therefore, plaintiff's state law tort claims must be dismissed for failure to exhaust.[3]

V.  Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Plaintiff's motions to continue defendants' motion to dismiss pending discovery, filed August 6, 2007, and August 30, 2007, be DENIED;

2. Defendants' motion to dismiss for failure to exhaust, filed July 25, 2007, be GRANTED; and

3. This action be dismissed in its entirety, without prejudice, for failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 15, 2007**                         /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] The court declines to recommend dismissal of the tort claims with prejudice, as requested by defendants.